Filed 6/23/21  P. v. Dorado CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>GABRIEL SANTIAGO DORADO,<br><br>    Defendant and Appellant. | F080814<br><br>(Fresno Super. Ct. No. F19904155)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Brian F. Alvarez, Judge.

Tyrone Sandoval, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Hill, P.J., Levy, J. and Detjen, J.

## INTRODUCTION

Appellant and defendant Gabriel Santiago Dorado was convicted of multiple felony offenses for carjacking a vehicle and assaulting several people.  He was sentenced to 16 years in prison.  On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We affirm.

## FACTS

On the night of June 8, 2019, Tanisha Salas (Tanisha) drove to a liquor store. Sonia Salas (Sonia), her mother, was sitting in the front passenger seat.  Stephanie Mendoza (Stephanie) and Nieves Rodriguez (Nieves) were in the back seat.  Tanisha parked her car in front of the liquor store and Sonia went inside to buy something. Tanisha, Nieves, and Stephanie stayed in the car.

Defendant suddenly appeared at Tanisha's vehicle.  He plunged a metal rod through the partially rolled-down window in the back where Nieves was sitting, and Nieves shouted that someone tried to stab him.  Nieves and Stephenie immediately got out of the car.

Tanisha also got out of the car and tried to get her mace or pepper spray from the trunk.  Defendant swung the metal rod at Tanisha, and she jumped away and ran to the liquor store's entrance.  Sonia walked out of the liquor store and saw what was happening, and tried to hit defendant with a bottle, but another customer stepped in the way.

Fabian Medrano (Medrano) and Juanita Blanco (Blanco) were at the liquor store and also saw what was happening.  Medrano and Blanco testified defendant tried to stab a woman with a long metal object.  They ran to Tanisha's vehicle and attempted to stop defendant from driving away.  Medrano jumped into the empty front passenger seat and tried to take the metal rod from defendant.  They struggled over the weapon and

defendant swung the rod at him. Medrano told defendant, " 'Give them their car back.' " Defendant replied, " 'No. Nobody's gonna f[**]king stop me. I'm taking this car.' "

Tanisha had left the keys in the ignition, and defendant started the vehicle and drove away. Medrano was still in the car and kicked the gear shift into reverse as he was "hanging from the passenger door." Defendant "hit[] a crazy turn," and Medrano "flew out" of the car, landed on the street, and his arm was shattered. Defendant hit another vehicle and damaged Tanisha's car as he drove away.

The police responded to the liquor store's parking lot and found a metal pipe on the sidewalk that was about three to four feet long, with a dull end. Medrano identified the metal pipe as the object used by defendant.

A few hours later, the police found Tanisha's damaged car abandoned on a street near the liquor store, and the trunk was open. Defendant's fingerprints were found on the driver's side front and back doors, and on the trunk lid.

Medrano was in the hospital for three weeks and needed surgery to repair his shattered arm.

Several days after the incident, Tanisha met with police officers and identified defendant in a photographic lineup as the man who took her car. The liquor store's security video was played at trial, and it showed the incident as it happened. Tanisha testified defendant was the man in the video who took her car.

At trial, Tanisha, Sonia, Medrano, Blanco, and Eduardo Galarza (another witness at the liquor store) identified defendant as the man who took Tanisha's car.

## PROCEDURAL BACKGROUND

On July 15, 2019, an information was filed in the Superior Court of Fresno County charging defendant with counts 1, 2, 3, and 4, carjacking of, respectfully, Tanisha Salas, Nieves Rodriguez, Stephanie Mendoza, and Sonia Salas (Pen. Code, § 215, subd. (a)),[1]

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

and as to each count, that defendant personally used a deadly and dangerous weapon, a blunt object, in the commission of the offenses (§ 12022, subd. (b)(1)).

Defendant was also charged with counts 5, 6, and 7, assault with a deadly weapon, a metal rod, on, respectfully, Nieves Rodriguez, Tanisha Salas and Fabrian Medrano (§ 245, subd. (a)(1)); count 8, assault by means likely to produce great bodily injury upon Medrano (*id*., subd. (a)(4)), with a great bodily injury enhancement (§ 12022.7, subd. (a)); count 9, battery with serious bodily injury upon Medrano (§ 243, subd. (d)); and count 10, leaving the scene of an accident resulting in injury to a person (Veh. Code, § 20001, subd. (a)).

On November 1, 2019, after a jury trial, defendant was convicted of all counts except for count 4, of which he was found not guilty. The jury found true the deadly weapon enhancements for counts 1, 2, and 3, and the great bodily injury enhancement for count 8. The court found defendant had two prior prison term enhancements.

On January 24, 2020, the court held the sentencing hearing and found the crimes involved "an extraordinarily random act of just great violence," defendant's prints were found on the car, and the witnesses identified defendant as the suspect.

The court imposed an aggregate term of 16 years in state prison, based on the upper term of nine years for count 1; one year eight months (one-third the midterm) for each of counts 2 and 3; one year (one-third the midterm) for count 8; one year for the deadly weapon enhancement attached to count 1; four months (one-third the full term) as to each deadly weapon enhancement for counts 2 and 3; and one year (one-third the full term) for the great bodily injury enhancement attached to count 8. The court stayed the upper terms imposed for the remaining counts and dismissed the prior prison term enhancements because they could not be lawfully imposed.

The court imposed a $4,800 restitution fine (§ 1202.4, subd. (b)) and suspended the same amount for the parole revocation fine (§ 1202.45), and victim restitution in an

4.

amount to be determined (§ 1202.4, subd. (f)).  It also imposed court operations fees of $360 (§ 1465.8) and criminal conviction assessments of $270 (Gov. Code, § 70373).

On January 27, 2020, defendant filed a timely notice of appeal.

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court.  The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court.  By letter on December 9, 2020, we invited defendant to submit additional briefing.

**Appellant's letter brief**

On December 28, 2020, defendant sent a letter to this court and requested review of certain evidence that allegedly undermines his convictions.

First, defendant claimed that at the preliminary hearing on July 10, 2019, Tanisha described the weapon on the record, whereas at the trial, she testified the metal bar found at the scene was not the weapon.  Our review of the record shows that at the preliminary hearing, Tanisha testified defendant swung an object at her, and described it as a crowbar, an iron rod, or a metal object.  At trial, the prosecutor showed Tanisha a photograph of the metal bar that was found by the police and asked if she recognized it.  Tanisha replied that she did not recognize it because it "looked longer that night," and she thought defendant's weapon was old and rusted.  While Tanisha may not have recognized the object, Medrano testified he struggled with defendant to gain control of the metal pipe and identified the metal bar found by the police as the weapon used by defendant.  In addition, the witnesses consistently testified that defendant used such an object as he attacked them and took the car, and they identified him as the carjacker.

Second, appellant points to Sonia's testimony at the preliminary hearing, that the liquor store's security video did not show what happened, and asserts her testimony meant that someone had tampered with the exhibits, and his trial attorney was ineffective for failing to raise the issue.  At the preliminary hearing, Sonia testified she walked out of

5.

the liquor store after buying a bottle of wine cooler. When she saw the altercation at Tanisha's car, she intended to hit defendant with the bottle, but another customer stepped in the way and she could not do it. The prosecution played the store's security video, and Sonia testified it showed defendant taking Tanisha's car. She also testified the video did not show the moment when she was going to throw the bottle at the defendant. The court noted that there were a lot of obstructions in front of the video camera, and it did not show everything that happened in the parking lot.

At trial, Sonia again testified that she was going to hit defendant with the bottle of wine cooler, another customer stepped in front of her and she could not reach defendant, and defendant drove away in the car. Also, at trial, Sonia was asked to watch the video, and testified it showed defendant taking her daughter's car. After watching the video, Sonia testified she thought something was missing, and admitted the entire incident felt like it lasted longer than it actually did. There is no evidence the video was tampered with.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.

6.